# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLLINS, an individual,<br><br>                                  Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>                                 Defendant. | Case No.: 3:23-cv-01368-RBM-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. 3]** |

On June 16, 2023, Plaintiff David Collins ("Plaintiff") filed suit against Defendant Wal-Mart Stores, Inc. ("Defendant"). (Doc. 1-2 at 5–17 ("Compl.").)[1] On July 27, 2023, Defendant removed the case to this Court. (Doc. 1.) On August 2, 2023, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3.) On August 22, 2023, Plaintiff filed an Opposition to Defendant's Motion to Dismiss ("Opposition"). (Doc. 4.) On August 28, 2023, Defendant filed a Reply to Plaintiff's Opposition ("Reply"). (Doc. 6.)

---

[1] The Court references the CM/ECF pagination unless otherwise noted.

1

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

### A.  Plaintiff's Complaint

In his Complaint, Plaintiff asserts four causes of action[2] against Defendant under the Fair Employment and Housing Act ("FEHA") and the California Labor Code, including: (1) discrimination based on age in violation of Government Code section 12940(a); (2) harassment in violation of Government Code section 12940(j);[3] (3) retaliation in violation of Labor Code sections 98.6 and 1102.5 and Government Code Section 12940(h); and (4) failure to prevent discrimination, harassment, and retaliation in violation of Government Code section 12940 *et seq.* and Labor Code section 1102.5. (Doc. 1-2 at 11–16 ("Compl."), ¶¶ 28–70.)

### 1.  Plaintiff's Transfer in 2016

Plaintiff is 58 years old and has been Defendant's employee for over 23 years. (*Id.* ¶ 2.) He is currently employed at Defendant's store in Escondido, California. (*Id.*) He was hired by Defendant in New Mexico on July 26, 1991. (*Id.* ¶ 14.) During his time in New Mexico, Plaintiff received either "Exceeds Expectations" or "Solid Performer" performance evaluations, as well as annual raises. (*Id.* ¶ 15.) However, when Plaintiff transferred to the Escondido store in 2016, the store manager, Kim Daries, did not take well to him. (*Id.* ¶ 16.)

A month after his transfer, Plaintiff's pay was reduced from $14.68 to $13.95 per hour because he had been on probation, which was not true. (*Id.* ¶ 17.) Since Plaintiff's

---

[2] The Court notes that the causes of action enumerated in the caption of Plaintiff's Complaint do not match the causes of action outlined in the body of Plaintiff's Complaint. The Court follows the causes of action outlined in the body of the Complaint.

[3] The Court notes that this second cause of action is mistakenly referred to as the "fourth cause of action" in the body of Plaintiff's Complaint.

transfer, Defendant has refused to provide Plaintiff with any performance evaluations or meaningful raises that were not required by law or part of its company-wide wage increase, while his younger co-workers continued to receive their yearly reviews, raises, and, in some cases, promotions. (*Id.* ¶ 22.)

During the few years after his transfer, Daries "singled [Plaintiff] out for excessive criticism, treated him as if was stupid, [gaslit] him, forced him to work less desirable tasks, slandered him, permitted/tolerated co-workers bullying and name calling, and engaged in harassing, discriminatory and retaliatory conduct that was designed to force [Plaintiff] to quit because she ostensibly believed he was too old and/or because he had reported her unlawful conduct to Walmart and State agencies." (*Id.* ¶ 16.)

### 2. Plaintiff Begins Applying for Management Positions in 2018

Beginning in 2018, Plaintiff expressed his desire to become a store manager or to be placed in the Management Training Program to Daries and other managers and supervisors. (*Id.* ¶ 18.) Plaintiff has a bachelor's degree, years of experience, and satisfactory performance evaluations and, therefore, meets the criteria for a promotion. (*Id.* ¶ 19.) However, Plaintiff has submitted approximately seven applications for management positions at Defendant's stores in the San Diego area but has not been considered for any management, assistant management, or training program position. (*Id.* ¶¶ 19–20.) Meanwhile, the Escondido store has promoted or hired at least 11 assistant managers all of whom are younger than Plaintiff. (*Id.* ¶¶ 1, 20.) Plaintiff has heard and has been told that Daries, who is in charge of hiring and personnel decisions at the Escondido store, has said that Plaintiff cannot be a manager because he is "too old," "goes to the bathroom too much," and "shakes too much." (*Id.* ¶ 21.)

### 3. Plaintiff Reports Defendant's Unfair and Unlawful Conduct Beginning in 2020

In 2020, frustrated by the ongoing harassment and being passed over for promotions and raises, Plaintiff reported several instances of what he believed to be unfair and unlawful conduct through Defendant's internal grievance process, but nothing changed. (*Id.* ¶ 23.)

Then, in 2021, Plaintiff reported Defendant's discrimination and harassment to the Department of Fair Employment and Housing ("DFEH"), but nothing changed.[4] (*Id.* ¶ 24.) If anything, the failure of either internal or third-party investigations or consequences seemed to empower management and staff, who continued the bullying and name calling. (*Id.*)

### 4. Plaintiff is Denied Family and Medical Leave

By October 2022, Plaintiff informed his supervisors that he needed to take a leave of absence for his mental health, but he was not offered FMLA. (*Id.* ¶ 25.) Further, when Plaintiff returned to work four months later, he was reassigned to a less desirable, high-turnover position that he is overqualified for in the back of the store with no opportunity for advancement. (*Id.*) Daries was overheard saying that the reassignment was to "teach [Plaintiff] a lesson." (*Id.*)

### 5. Defendant Condones the Unfair and Unlawful Conduct

Defendant has condoned, allowed, and participated in the harassment and bullying of Plaintiff in violation of Defendant's Global Discrimination & Harassment Prevention Policy and Defendant's retaliation policy. (*Id.* ¶¶ 26–27.) Among other things, Defendant's management and/or staff have told Plaintiff and/or others "that he is lazy, won't work overtime, that he doesn't care, is a drunk, takes too many bathroom breaks, is too old, is a loser, etc." (*Id.* ¶ 26.) Additionally, Plaintiff is micromanaged, given conflicting instructions, reprimanded, denied requests for time off, accused of faking accidents, accused of "ghost picking" (scanning an item but not pulling an item out of its box), and forced to work in the rain. (*Id.*)

### 6. Exhaustion of Administrative Remedies

Plaintiff alleges that "the acts and/or words constituting the discrimination, harassment and/or retaliation alleged herein occurred within one year prior to the filing of

---

[4] The DFEH is now called the Civil Rights Department ("CRD"). (Doc. 3-1 at 5, n.1.)

1  [his] administrative accusation and charges with the California Civil Rights Department
2  ('CRD')" on April 13, 2023 and that, thereafter, the CRD sent Plaintiff a right-to-sue letter.
3  (*Id.* ¶¶ 11–13.)[5]

4  **B.     Defendant's Motion to Dismiss**

5  In its Motion to Dismiss, Defendant contends that Plaintiff filed a DFEH complaint
6  and received a right-to-sue letter on March 12, 2021. (Doc. 3-1 at 5.) Defendant asks the
7  Court to take judicial notice of the March 12, 2021 DFEH complaint and right-to-sue letter
8  (Doc. 3-3 at 1–2), which were referenced in, but not attached to, Plaintiff's Complaint
9  (Compl. ¶ 24). Defendant then argues that Plaintiff was required to file a civil lawsuit
10  within one year of this right-to-sue letter and that any FEHA claims accruing before March
11  12, 2021 are now barred by the statute of limitations. (Doc. 3-1 at 5, 9–10.) Defendant
12  also argues that Plaintiff's second CRD complaint on April 13, 2023 and the continuing
13  violations doctrine do not revive Plaintiff's pre-March 12, 2021 claims. (*Id.* at 10–12.)
14  Defendant does not address Plaintiff's causes of action based on violations of California's
15  Labor Code.

16  In his Opposition and his Objections to Defendant's Request for Judicial Notice,
17  Plaintiff argues that the Court should not take judicial notice of the 2021 DFEH complaint
18  and right-to-sue letter because the Court cannot consider material outside of the Complaint.
19  (Doc. 4 at 3–4, 5–7; Doc. 5 at 2–3.) Alternatively, Plaintiff argues that, while the Court
20  may take judicial notice of the fact that the 2021 DFEH complaint and right-to-sue letter
21  were filed and issued on March 12, 2021, the Court may not take judicial notice of the
22  underlying facts set forth in the complaint. (Doc. 4 at 6; Doc. 5 at 2–3.) Plaintiff also
23  argues that he timely filed his Complaint based on his second April 13, 2023 right-to-sue

---

[5] Plaintiff did not attach the April 13, 2023 CRD complaint and right-to-sue letter to his initial Complaint. Realizing this mistake, on July 27, 2023, Plaintiff filed a Notice of Errata attaching Plaintiff's April 13, 2023 CRD complaint and Plaintiff's right-to-sue notice. (Doc. 1-2 at 43–52.)

5

notice. (*Id.* at 4–5, 7–8.) Finally, Plaintiff argues that, even though he received his first right-to-sue letter in 2021, he was permitted to wait more than one year to file suit because the discrimination, retaliation, and harassment were continuous and ongoing. (*Id.*)

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

When a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.  DISCUSSION

**A.  Defendant's Request for Judicial Notice is Granted**

Defendant requests that the Court take judicial notice of Plaintiff's DFEH complaint filed on March 12, 2021 and the right-to-sue letter of the same date under Federal Rule of Evidence 201.  (Doc. 3-3 at 1–2.)  In Plaintiff's Objections to Defendant's Request for Judicial Notice, Plaintiff argues that, while the Court may take judicial notice of the existence of these documents, the Court is "not permitted to take judicial notice of documents on a motion to dismiss for the truth of the matters asserted therein even if such documents are cited in the complaint or subject to judicial notice pursuant to [Federal Rule of Evidence] 201."  (Doc. 5 at 1–2.)  In support of this proposition, Plaintiff cites two cases: *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) and *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 113 (2007).  (*Id.*)  Plaintiff then argues that Defendant is offering the DFEH complaint and the right-to-sue letter for the truth of the matters asserted therein by claiming that the facts alleged in the 2021 complaint are the same as the facts alleged in the 2023 complaint.  (*Id.* at 2–3.)  The Court is not persuaded.

"The court may judicially notice a fact that is not subject to reasonable dispute because it … *can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.*"  Fed. R. Evid. 201(b)(2) (emphasis added).  Under this rule, a court may take judicial notice of records and reports of administrative bodies or matters of public record.  *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)) (finding a district court could take judicial notice of a Department of Energy study); *see also Safer Chemicals, Healthy Fams. v. EPA*, 943 F.3d 397, 420 (9th Cir. 2019) (taking judicial notice of an Environmental Protection Agency evaluation); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

In fact, district courts routinely take judicial notice of DFEH complaints and right-to-sue letters when deciding motions to dismiss.  *See e.g.*, *Abikar v. Bristol Bay Native*

*Corp.*, 300 F. Supp. 3d 1092, 1099, n.1 (S.D. Cal. 2018) (taking judicial notice of DFEH right-to-sue notice on motion to dismiss in considering timeliness under section 12965); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 901–902 (E.D. Cal. 2017) (taking judicial notice of DFEH right-to-sue notice on motion to dismiss); *Minor v. FedEx Off. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (taking judicial notice of DFEH complaints because "[r]ecords of state agencies are appropriate subjects of judicial notice, and whether [the plaintiff] exhausted administrative remedies [was] a central issue in the [] motion [to dismiss]"); *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904, n.3 (N.D. Cal. 2013) ("Because [DFEH complaint and right-to-sue letter] are public records whose accuracy is not in dispute, judicial notice is appropriate."). On this basis alone, the Court can grant Defendant's request for judicial notice.

Further, the two cases cited by Plaintiff do not support his position. First, the *Fremont* case is not a federal case decided under Federal Rule of Evidence 201. *See Fremont*, 148 Cal. App. 4th at 113 (discussing matters that are subject to judicial notice under California Evidence Code sections 451 and 452). Second, as Defendant noted in its reply brief (Doc. 6 at 6), the *Lee* court determined that a court *could* take judicial notice of the fact that an administrative hearing was held, that a waiver form was signed, and that the form purportedly waived a certain right. *See Lee*, 250 F.3d at 689–90. However, the Court could not take judicial notice of the truth of the disputed facts contained in the waiver, i.e., the Court could not take judicial notice of the validity of the waiver. *Id.* Plaintiff argues that, by asking the Court to compare the allegations of the 2021 DFEH complaint to the allegations set forth the 2023 CRD complaint, Defendant is asking the Court to take judicial notice of the truth of the disputed facts set forth therein. (Doc. 4 at 6.) The Court disagrees.

In its Motion to Dismiss, Defendant argues that "Plaintiff filed a DFEH complaint and obtained a right-to-sue letter on March 12, 2021" and "waited over two years, until June 16, 2023" to file his civil lawsuit in violation of the one-year statutory deadline. (Doc. 3-1 at 10.) Defendant does not rely on the disputed facts contained in either document in

making this argument; Defendant only relies on the existence and date of the documents. As in *Lee*, the Court may take judicial notice of the date and existence of these documents without taking judicial notice of the truth of the disputed facts contained in the 2021 DFEH complaint. *See Lee*, 250 F.3d at 689–90. The Court elects to do so.

At most, Defendant compares the allegations set forth in the 2021 DFEH complaint to the allegations set forth in the 2023 CRD complaint and this lawsuit. (Doc. 3-1 at 11.) Specifically, Defendant contends that the two complaints allege the same discriminatory, retaliatory, and harassing behavior and that the sole difference between the 2021 DFEH complaint and the 2023 CRD complaint is the start date of the allegedly unlawful conduct. (*Id.*) The 2021 DFEH complaint alleges that the unlawful conduct began in 2018 (Doc. 3-3 at 7), whereas the 2023 CRD complaint alleges that the unlawful conduct began in 2019 (Doc. 1-2 at 51). Defendant then argues that Plaintiff altered the start date to circumvent the statute of limitations. (Doc. 3-1 at 11.) Under *Lee*, the Court may note the similarity of the allegations and the discrepancy in the start date of the unlawful conduct; however, the Court may not accept the truth of the underlying facts, meaning the Court may not determine the accuracy of the allegations or the start dates. *See Lee*, 250 F.3d at 689–90. However, the Court need not do so. At this stage, the Court accepts the allegations of the Complaint as true, *Manzarek*, 519 F.3d at 1031, and the Complaint alleges that the alleged discrimination, harassment, and retaliation began in approximately 2016. (Compl. ¶¶ 16–17.)[6]

Thus, Defendant's request for judicial notice is **GRANTED IN PART** and **DENIED IN PART**. The Court takes judicial notice of the date and existence of the 2021 DFEH complaint and the 2021 right-to-sue letter. The Court also notes the similarity of the claims and the discrepancy between the alleged start dates of the unlawful conduct

---

[6] As set forth below (*see* Section III.C.), applying the 2016 start date alleged in the Complaint, the continuing violations doctrine is not applicable, and the second CRD complaint cannot revive the statute of limitations.

9

between the 2021 and 2023 administrative complaints. However, the Court does not decide the accuracy of the claims and the alleged start dates.

**B.     Plaintiff's FEHA Claims Pre-Dating March 12, 2021 Are Barred by the Statute of Limitations**

Before suing for any violation of the FEHA, a plaintiff must file a timely and sufficient administrative complaint with the CRD. Cal. Gov. Code §§ 12960, 12965. The CRD then issues a "right-to-sue" notice. *Id.* § 12965(c)(1)(C). For this reason, "FEHA claims are governed by two statutory deadlines: section 12960 and section 12965." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1411 (2013).

First, "[the administrative] complaint alleging a violation of…[FEHA] shall not be filed after the expiration of three years from the date upon which the unlawful practice or refusal to cooperate occurred." Cal. Gov. Code § 12960(e)(5). Second, "the person claiming to be aggrieved may bring a civil action…within one year from the date of that notice." Cal. Gov. Code § 12965(c)(1)(C). In other words, the deadline to file a civil action is one year from the date of the right-to-sue notice. *Williams v. Pac. Mut. Life Ins. Co.*, 186 Cal. App. 3d 941, 951 (1986); *Hall v. Goodwill Indus. of S. Cal.*, 193 Cal. App. 4th 718, 729 (2011). Failure to file suit within this time gives rise to a statute of limitations defense. *Acuna*, 217 Cal. App. 4th at 1411–13; *see also Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 908 (N.D. Cal. 2013) (granting motion to dismiss FEHA claims not filed within one year of right-to-sue notice).

Here, as Defendant notes (Doc. 3-1 at 9–10) and Plaintiff admits, Plaintiff reported Defendant's alleged discrimination, retaliation, and harassment to DFEH in 2021. (Compl. ¶ 24; Doc. 3-3 at 6–8.) Then, on March 12, 2021, DFEH issued Plaintiff a "Notice of Case Closure and Right to Sue." (Doc. 3-3 at 11–12.) The notice gave Plaintiff one year to file a civil action:

> This letter is [] your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-

> referenced complaint. *The civil action must be filed within one year from the date of this letter.*

(*Id.* at 11.) Despite this notice, Plaintiff did not file the present case until June 16, 2023—more than two years later. Thus, pursuant to the one-year deadline set forth in California Government Code section 12965(c)(1)(C), Plaintiff's FEHA claims pre-dating his March 12, 2021 right-to-sue letter are time-barred.

## C.  The Continuing Violation Doctrine is Not Applicable to the Present Case

In his Opposition, Plaintiff asserts that he received a second right-to-sue letter on April 13, 2023 and then timely filed this action within one year on June 16, 2023. (Doc. 4 at 4.) Plaintiff then argues that Defendant's harassment was "continuous and ongoing" and, therefore, "the continuing violation doctrine allows Plaintiff to admit evidence of similar wrongful acts occurring outside of the limitations period." (Doc. 4 at 7.) For the reasons set forth below, the Court disagrees.

First, as stated above, the deadline to file a civil action is one year from the date of the right-to-sue notice. Cal. Gov. Code § 12965(c)(1)(C); *Williams*, 186 Cal. App. 3d at 951; *Hall*, 193 Cal. App. 4th at 729. California Government Code section 12965 then outlines two specific circumstances when the one-year statutory deadline may be tolled. Cal. Gov. Code § 12965(e)–(f). First, California Government Code section 12965(e) codifies the holding in *Downs v. Department of Water and Power of City of Los Angeles*, 58 Cal. App. 4th 1093 (1997), which finds that the one-year period is equitably tolled while a plaintiff pursues parallel federal administrative remedies with the EEOC. Second, California Government Code section 12965(f) allows tolling when the EEOC defers an investigation to the CRD. Notably, the continuing violations doctrine is not a listed exception to the one-year statutory deadline. For this reason, at least one California federal court has held that, while the continuing violations doctrine is an equitable exception to the three-year statutory period set forth in California Government Code section 12960(e)(5), it is inapplicable to save claims that were already the subject of a right-to-sue letter and are now subject to the one-year statutory period to file suit. *See Gillette v. Stater Bros.*

11

*Markets*, Case No. EDCV 19-1292 JVS (KKx), 2020 WL 886300, at *4 (C.D. Cal. Jan. 24, 2020) ("[T]he continuing violations doctrine does not apply here; California Government Code § 12965 does. The…case [cited by the plaintiff] concerns California Government Code § 12960 and the time period to file an administrative charge with DFEH, not the time period for filing a civil lawsuit.").

Second, Plaintiff's allegations regarding discrete acts, such as Defendant's failure to promote him (*see* Compl. ¶¶ 1, 18–21), are not actionable if time-barred and not subject to the continuing violations doctrine. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–114, 122 (2002) ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges") (deciding racial discrimination and retaliation claims brought under Title VII); *Higdon v. Mabus*, 5 F. Supp. 3d 1199, 1206 (S.D. Cal. 2014) ("failure to promote is a discrete act and cannot be part of a continuing violation theory") (deciding gender discrimination and retaliation claims brought under Title VII); *see also Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 941 (2021) (a FEHA claim alleging sexual harassment based on a failure to promote accrues when an aggrieved employee knows or reasonably should know of the employer's decision not to promote him or her). Here, central to Plaintiff's Complaint is that, beginning in 2018, Defendant denied him approximately 11 promotions in favor of younger candidates. (Compl. ¶¶ 1, 18–21.) These claims of discrete discriminatory acts cannot support Plaintiff's continuing violations theory. *See Higdon*, 5 F. Supp. 3d at 1206; *Pollock*, 11 Cal. 5th at 941.[7]

Third, even if the continuing violations doctrine were applicable, Plaintiff cannot establish the required elements. Plaintiff must show that Defendant's actions (1) are "sufficiently similar in kind…; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence." *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823

---

[7] However, as discussed below (see Section III.D), any discrete act, such as the failure to promote, occurring after March 12, 2021 is not time-barred.

12

(2001) (internal citation omitted) ("*Richards*").  "Permanence" means "that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile."  *Id.*  Although *Richards* was decided in the context of a disability accommodation and harassment claim, the same rationale applies to other FEHA claims.  *See Cucuzza v. City of Santa Clara*, 104 Cal. App. 4th 1031, 1042 (2002) ("Although *Richards* was decided in the context of a disability accommodation and harassment claim, the high court's rationale applies to plaintiff's claim that [the defendant's] ongoing denial of her right to certain employment opportunities was a continuing violation of the Fair Employment and Housing Act.").  Retaining counsel and filing a DFEH complaint manifests an understanding that further attempts at informal, rather than formal, resolution, are futile.  *See Acuna*, 217 Cal. App. 4th at 1415.

Here, Plaintiff alleges that Defendant's harassing, discriminatory, and retaliatory behavior began in approximately 2016 when Plaintiff transferred to Defendant's Escondido store.  (Compl. ¶¶ 16–17.)  Plaintiff, who was represented by counsel, then filed a DFEH complaint on March 12, 2021.  (Doc. 3-3 at 6.)  The DFEH complaint alleged that Plaintiff was harassed and discriminated against because of his age and that Plaintiff experienced retaliation for reporting the discriminatory and harassing behavior.  (*Id.* at 6–7.)  Thus, by March 12, 2021, when Plaintiff had counsel and filed a DFEH complaint, the harassing, discriminatory, and retaliatory behavior had reached a degree of permanence that prevents the application of the continuing violations doctrine to the present case.  *See Acuna*, 217 Cal. App. 4th at 1415 (finding continuing violations doctrine inapplicable when plaintiff has retained counsel and "manifested an understanding that further attempts at informal, rather than formal, resolution…would not be successful and were futile.").

**D.  Plaintiff's Claims Based on Discrete Acts Occurring After March 12, 2021 are Not Time-Barred**

As stated above, Plaintiff's allegations regarding discrete discriminatory acts occurring before March 12, 2021 are time-barred and not subject to the continuing

13

violations doctrine. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113–114, 122; *Higdon*, 5 F. Supp. 3d at 1206; *see also Pollock*, 11 Cal. 5th at 941. While Plaintiff's claims pre-dating the March 12, 2021 right-so-sue letter are barred by the one-year statutory period set forth in California Government Code section 12965(c)(1)(C), Plaintiff filed a second CRD complaint alleging additional discrete acts of retaliation occurring after March 21, 2021. (Doc. 1-2 at 51–52; Compl. ¶¶ 12–13.) Specifically, Plaintiff alleged that in October 2022 Defendant did not offer him FMLA when he needed to take a leave of absence for his mental health. (Compl. ¶ 25.) Plaintiff also alleges that Defendant retaliated against him for taking a leave of absence by moving him to a less desirable position four months later when he returned to work. (*Id.*) Plaintiff then filed this civil suit on June 16, 2023 less than one year after his second CRD complaint. (*Id.* ¶¶ 12–13.) Thus, Plaintiff's claims based on discrete acts occurring after March 12, 2021 and contained in his second CRD complaint, such as Plaintiff's retaliatory transfer claim (*id.* ¶ 25), are not barred by the statute of limitations and survive Defendant's Motion to Dismiss.

## IV.   CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's FEHA claims pre-dating March 21, 2021 are barred by the statutory limitations period set forth in California Government Code section 12965(c)(1)(C). The Court dismisses these claims without prejudice.

However, Plaintiff's FEHA claims based on discrete acts occurring after March 12, 2021 and included in his second CRD complaint are appropriately before the Court and survive Defendant's Motion to Dismiss. Likewise, Plaintiff's claims regarding violations of California Labor Code sections 98.6 and 1102.5 were not addressed in Defendant's Motion to Dismiss and are appropriately before the Court and survive Defendant's Motion to Dismiss.

///

///

///

**IT IS SO ORDERED**.

DATE:  January 4, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE