UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLLINS, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>         Defendant. | Case No.: 3:23-cv-01368-RBM-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Docs. 40, 42–46]** |

  Pending before the Court are various motions filed by pro se Plaintiff David Collins ("Plaintiff") challenging this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("MTD Order"). (*See* Docs. 40, 42–46.)

  The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's motions challenging this Court's MTD Order are **<u>DENIED</u>**.

### I.  BACKGROUND

  On January 4, 2024, the Court issued its MTD Order, which granted in part and denied in part Defendant Wal-Mart Stores, Inc.'s ("Defendant") Motion to Dismiss ("MTD"). (Doc. 7.) In its MTD Order, the Court found that Plaintiff's Fair Employment and Housing Act ("FEHA") claims pre-dating March 12, 2021 were barred by the statute

of limitations (*id.* at 10–11) and that the continuing violations doctrine did not extend the statute of limitations (*id.* at 11–13). However, the Court found that Plaintiff's claims based on discrete acts occurring after March 12, 2021 were not time-barred. (*Id.* at 13–14).

Approximately eight months later, on October 2, 2024, Plaintiff filed a Motion to Amend the Decision to Dismiss Plaintiff's FEHA Claims Pre-Dating March 12, 2021 ("Motion for Reconsideration"). (Doc. 40.) In his Motion for Reconsideration, Plaintiff asks the Court to amend its decision dismissing Plaintiff's claims which pre-date March 12, 2021 because the wrongful acts violate Defendant's policies, standards, and procedures. (*Id.* at 1.) Plaintiff asserts that he tried to use Defendant's Ethics Hotline, Open Door Policy, and Employment Coach but that no one would respond, help him, or even speak with him about his complaints. (*Id.* at 2.) Plaintiff explains that other younger and less qualified individuals have advanced within the company while he has not. (*Id.* at 3.) Plaintiff asserts that, for this reason, he has become homeless and financially destitute. (*Id.* at 3.) Finally, Plaintiff contends that manager Kim Daries and others slandered him, including through allegations of substance abuse. (*Id.*)

In their Opposition to Plaintiff's Motion for Reconsideration, Defendant argues that reconsideration of the Court's MTD Order is not justified. (Doc. 41 at 3–5.) Specifically, Defendant argues that Plaintiff does not meet any of the three circumstances warranting reconsideration—newly discovered evidence, clear error, or a change in the controlling law.[1] (*Id.* (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).)

---

[1] Defendant also argues that Plaintiff's Motion for Reconsideration does not comply with the local and chambers rules. (Doc. 41 at 2–3.) However, as set forth below, the Court finds that reconsideration is not warranted on the merits, and the Court need not reach Defendant's arguments regarding Plaintiff's procedural deficiencies. "The Court is [also] mindful that pro se litigants are not held to the same standards as sophisticated parties represented by counsel." *Rasmussen v. Hickey*, Case No.: 20cv411-LAB (JLB), 2021 WL 5827108, at *3 (S.D. Cal. July 12, 2021) (citation omitted).

On October 10, 2024, Plaintiff filed a "Support of Motion to Dismiss FEHA Claims Prior to March 12, 2021" ("Reply"). (Doc. 42.[2]) In his Reply, Plaintiff argues that Defendant ignored his legal complaints, allowed his claims to "fester," and withheld evidence from their investigations and monitoring. (*Id.* at 1.) For this reason, Plaintiff states that he deserves the opportunity to litigate his claims and have them heard by a jury of his peers. (*Id.*) Plaintiff concludes that the Court should hold Defendant to enforcing its own standards and policies. (*Id.* at 2.)

## II. LEGAL STANDARD

A motion for reconsideration is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *see also Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (treating an "Application to Amend Order Nunc Pro Tunc" as a Rule 60(b) motion). Here, Plaintiff's Motion for Reconsideration was filed more than 28 days after this Court's MTD order. (*See* Docs. 7, 40.) The Court therefore construes Plaintiff's Motion for Reconsideration as one filed under Rule 60(b). *See e.g.*, *Whitsitt v. Anna*, No. 2:20-cv-01484-TLN-KJN, 2021 WL 3292578, at *2 (E.D. Cal. Aug. 2, 2021) (construing a pro se plaintiff's motion for reconsideration as one brought under Rule 60(b)).[3]

---

[2] Docs. 43–46 are duplicative filings of Doc. 42, and the Court need not summarize each document.

[3] Even if the Court were to construe Plaintiff's Motion for Reconsideration as brought under Rule 59(e), it would fail. Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Plaintiff has not presented the Court with newly discovered evidence, nor has he identified a change in controlling law. Plaintiff also has not demonstrated that the Court's MTD Order was clear error or manifestly unjust.

Under Rule 60(b), a "court may relieve a party … from a final … order … for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence … ; (3) fraud … , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

### III.     DISCUSSION

As a preliminary matter, the Court finds that Plaintiff has not identified or demonstrated any of the five circumstances listed in Rules 60(b)(1)–(5). The Court therefore considers Plaintiff's Motion for Reconsideration under "the so-called catch-all provision" of Rule 60(b)(6). *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

"A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Id.* (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103(9th Cir.2006)). The Ninth Circuit has "cautioned that this Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (quoting same). In other words, "Rule 60(b)(6) relief may be had 'to accomplish justice,' but only under 'extraordinary circumstances.'" *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Thus, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw*, 452 F.3d at 1103.

Here, Plaintiff does not acknowledge his failure to timely file his Motion for Reconsideration or explain why he waited approximately eight months to challenge this Court's MTD Order. Therefore, Plaintiff has not demonstrated "circumstances beyond his

control that prevented him from proceeding with the action in a proper fashion." *Harvest*, 531 F.3d at 749 (quotation omitted).

Additionally, the Court finds that there are no "extraordinary circumstances" warranting Rule 60(b)(6) relief in this case. *Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (internal quotation omitted). In his Motion for Reconsideration, Plaintiff repeats the discrimination, retaliation, and harassment allegations contained in his Complaint but does not address the statute of limitations issue that was the basis for the Court's MTD Order. In its MTD Order, the Court found that Plaintiff's FEHA claims pre-dating March 12, 2021 were time-barred. However, Plaintiff has not presented any argument or legal authority for his contention that the statute of limitations should be tolled under the law. The Court cannot extend the statute of limitations simply because Plaintiff thinks it is unjust. *See e.g.*, *Sheets v. Terhune*, No. CV 1-08-1056-SRB, 2010 WL 1287078, at *1 (E.D. Cal. Mar. 30, 2010) ("Plaintiff does not offer facts or arguments in his Motion for Reconsideration that demonstrate the Court erred in finding his claims barred by the statute of limitations. The Court will therefore deny the Motion for Reconsideration.").

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

DATE: May 19, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE