# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLLINS, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-01368-RBM-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTIONS TO "AMEND AND SUPPORT" HIS COMPLAINT [Docs. 52–57, 59]**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT WITHOUT PREJUDICE [Doc. 60]**<br><br>**(3) DENYING PLAINTIFF'S "MOTIONS" FILED IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT WITHOUT PREJUDICE [Docs. 61–68, 73]**<br><br>**(4) VACATING THE PRETRIAL CONFERENCE CURRENTLY SCHEDULED FOR JUNE 12, 2025 AT 1:30 PM AND SETTING NEW DEADLINES** |

On June 16, 2023, Plaintiff David Collins ("Plaintiff") filed suit against Defendant Wal-Mart Stores, Inc. ("Defendant") in the Superior Court of California, County of San Diego. (Doc. 1-2 at 5–17[1] ["Compl."].) On July 27, 2023, Defendant removed the case to this Court. (Doc. 1.)

Pending before the Court are Plaintiff's various motions to "amend and support" his Complaint[2] (*see* Docs. 52–57, 59[3]), Defendant's Motion for Summary Judgment ("MSJ") (Doc. 60), and Plaintiff's various "motions" filed in response to Defendant's MSJ (*see* Docs. 61–68, 73). The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons set forth below, Plaintiff's motions to "amend and support" are **GRANTED**, Defendant's MSJ is **DENIED AS MOOT WITHOUT PREJUDICE**, and Plaintiff's "motions" filed in response to Defendant's MSJ are **DENIED AS MOOT WITHOUT PREJUDICE**.

## I.  BACKGROUND

### A.  Plaintiff's Complaint

In his Complaint, Plaintiff asserts four causes of action[4] against Defendant under the Fair Employment and Housing Act ("FEHA") and the California Labor Code, including: (1) discrimination based on age in violation of Government Code section 12940(a); (2) harassment in violation of Government Code section 12940(j);[5] (3) retaliation in violation

---

[1] The Court cites to the CM/ECF pagination unless otherwise noted.
[2] As set forth below (*see* Section III), the Court construes Plaintiff's various motions to "amend and support" his Complaint as requests to (1) amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a) and (2) supplement his Complaint pursuant to Federal Rule of Civil Procedure 15(d).
[3] Each of these documents is described in detail below.
[4] The Court notes that the causes of action enumerated in the caption of Plaintiff's Complaint do not match the causes of action outlined in the body of Plaintiff's Complaint. The Court follows the causes of action outlined in the body of the Complaint.
[5] The Court notes that this second cause of action is mistakenly referred to as the "fourth cause of action" in the body of Plaintiff's Complaint.

of Labor Code sections 98.6 and 1102.5 and Government Code section 12940(h); and (4) failure to prevent discrimination, harassment, and retaliation in violation of Government Code section 12940 *et seq.* and Labor Code section 1102.5.  (Compl. at 5, 11–16.)

**B.     MTD Order**

On January 4, 2024, the Court issued an order granting in part and denying in part Defendant's Motion to Dismiss ("MTD Order").  (Doc. 7.)  In its MTD Order, the Court found that Plaintiff's FEHA claims pre-dating March 12, 2021 were barred by the statute of limitations.  (*Id.* at 10–13.)  However, the Court found that Plaintiff's claims based on discrete acts occurring after March 12, 2021 were not time-barred.  (*Id.* at 13–14).  Finally, the Court found that Plaintiff's claims regarding violations of California Labor Code sections 98.6 and 1102.5 were not addressed in Defendant's Motion to Dismiss and therefore were not dismissed.  (*Id.* at 14.)

**C.     Plaintiff's Motions to "Amend and Support"**

On December 16, 2024, Plaintiff, now proceeding *pro se*, filed a Motion to Amend and Support.  (Doc. 52.)  In this motion, Plaintiff repeats his claims regarding Defendant's failure to promote him, Defendant's retaliation, and Defendant's harassment.  (*Id.* at 1–4.) Plaintiff also adds several new allegations, e.g., that he was the victim of "future faking" by Defendant, who indicated that associates would never have to leave to advance in their career.  (*Id.* at 4–7.)  Plaintiff alleges that he has been "ruined and financially destroyed" because of Defendant's discrimination and must live and sleep in his vehicle.  (*Id.*)  Plaintiff also alleges that he has suffered extreme emotional distress, mental anguish, pain, and suffering.[6]  (*Id.* at 5.)  Finally, Plaintiff alleges Defendant's harassment and retaliation has

---

[6] Plaintiff also seems to challenge the Court's MTD Order, which dismissed Plaintiff's claims pre-dating March 12, 2021 as time-barred.  He explains, "I did not apply to [m]anagement positions with [Defendant] after the March 21, 2021 deadline because, at the time, it made no sense to keep doing the same thing expecting different results.  This is another reason the cut-off date is unfair to me.  … I didn't see any sense or benefit, at the time, of doing the same thing over and over and expecting different results."  (Doc. 52 at

continued. (*Id.* at 8.) Specifically, Plaintiff alleges that an assistant manager named Michelle "verbally attacked" him and made false accusations about him not reacting to a spill and that he has other instances of harassment and retaliation in his notes. (*Id.*)

On January 2, 2025, Plaintiff filed a duplicative copy of his Motion to Amend and Support (Doc. 53), this time attaching an "Explanation of Damages" (Doc. 53-1).[7] In his "Explanation of Damages," Plaintiff claims salary losses of $592,000, bonus losses of $276,000, mileage compensation losses of $9,966.88, and pain and suffering damages of $495,000. (*Id.* at 1–3.) Plaintiff claims total damages of $1,372,966.88 without interest and total damages of $1,799,152 with interest.[8] (*Id.* at 4.)

On January 30, 2025, Plaintiff filed "Exhibit # 101 from the Plaintiff," which is comprised of Plaintiff's handwritten notes from June 2024 to October 2024. (Doc. 54.[9]) In these notes, Plaintiff describes instances of workplace bullying by an assistant manager named Michelle and others. (*Id.* at 2–6.)

The same day, Plaintiff filed "Exhibit #102 from the Plaintiff," which is comprised of emails that Plaintiff wrote to Manager Kimberly Daries and others expressing his interest in a management position. (Doc. 55 at 2–15.) This exhibit also includes a copy of Plaintiff's resume. (*Id.* at 13–14.)

Plaintiff also filed "Exhibit #103 From Plaintiff," which is comprised of Plaintiff's notes from approximately March 2024 to May 2024. (Doc. 56 at 1–3.) Plaintiff's notes

---

6–7.) However, the Court already denied Plaintiff's Motion for Reconsideration of the MTD Order (Doc. 80) and will not re-visit the issue here.

[7] Document No. 53-2 is also duplicative of Plaintiff's Motion to "Amend and Support," so the Court will not summarize it here.

[8] "[A]mendment is not required simply to change the amount of damages sought when the categories of damages sought remain the same." *Mills v. Jones*, Case No. 1:21-cv-01193-ADA-HBK (PC), 2022 WL 16758550, at *4 (E.D. Cal. Nov. 8, 2022) (quotation omitted). "[A]mending the relief sought does not offer anything of substance to Plaintiff's operative complaint." *Id.* Accordingly, the Court will not address Plaintiff's "Explanation of Damages" below.

[9] Plaintiff re-filed this document against as Document No. 57.

describe interactions that he had with his co-workers, including his immediate supervisor, Alex. (*Id.* at 2.) Plaintiff claims that "someone is watching [him] and trying to bully [him] from monitoring [him]." (*Id.*) Plaintiff claims that he feels like a target and that he does not feel safe. (*Id.*) Plaintiff reiterates that Defendant's "future faking" and discrimination have caused him to become homeless. (*Id.* at 3.)

On February 12, 2025, Plaintiff re-filed his original Complaint. (Doc. 59 at 2–14.) Plaintiff also filed a document titled "Amended Complaint," which the Court construes as a proposed First Amended Complaint ("FAC"). (Doc. 59-1 at 2–16 ["Proposed FAC"].) In the Proposed FAC, Plaintiff asserts the same causes of action asserted in his original Complaint. (*Id.* at 2, 10–15.) However, Plaintiff also alleges that "following [his] March 12, 2021 report of harassment to the CRD [Civil Rights Department], [he] experienced, among other things, the following:

- Ms. Daries [the store manager] was heard telling co-workers that 'he's suing me', 'he needs to be taught a lesson', 'he needs to get his ass kicked', 'I don't care about that guy', 'he's pissed off', 'he thinks he's so cool';
- Ms. Daries promoted at least 2 younger, less experienced and qualified employees over [Plaintiff];
- Upon returning from a month long leave, [Plaintiff's] title as a Cap Team One was taken away and he was reassigned to a less desirable position in terms of duties.
- Upon returning from a month long leave, [Plaintiff] was subjected to a disparate workload (he was required to perform both Softline and hardline duties);
- Ms. Daries denied [Plaintiff's] multiple requests for PTO;
- [Plaintiff] was not given any performance reviews;
- [Plaintiff] was not given any pay raise;
- [Plaintiff] was forced to work in the rain;
- [Plaintiff] was subjected to excessive monitoring, daily micromanaging and unnecessary criticism; …
- [Plaintiff's] multiple requests to fix his attendance record was ignored; and
- Ms. Daries ignored [Plaintiff's] requests to certify him to operate a fork lift."

(*Id.* ¶ 24.)

To date, Defendant has not opposed Plaintiff's various motions to "amend and

support" his Complaint or Plaintiff's Proposed FAC.

**D.  Defendant's Motion for Summary Judgment**

On February 13, 2025, Defendant filed its MSJ. (Doc. 60.) In its MSJ, Defendant argues that Plaintiff's age discrimination claim is without merit because Plaintiff did not apply for management positions after March 12, 2021 and because Plaintiff has maintained the same position, has received raises, and cannot identify others who received performance reviews since March 12, 2021. (Doc. 60-1 at 9–11.) Defendant also argues that Plaintiff has failed to provide any evidence related to his retaliation, harassment, and failure to prevent discrimination or retaliation claims. (*Id.* at 11–14.)

Plaintiff filed numerous documents in response to Defendant's MSJ, including "Plaintiff's Dispute and Opposition of Defendant[']s [MSJ]" (Doc. 61), "Plaintiff[']s Motion to Dispute Defendant[']s [MSJ] Number 2" (Doc. 62), "Motion Plaintiff's Posting of Joint Statements of Facts Admitting as Evidence" (Doc. 63), "Motion of Acceptance and Tolerance for Plaintiff's Format Using Statement of Facts Without a Lined Format" (Doc. 67), and "Motion Plaintiff's Posting of Joint Statements of Facts Admitting as Evidence for Opposition to Summary Judgement" (Doc. 68).

## II.  LEGAL STANDARD

**A.  Leave to Amend—Federal Rule of Civil Procedure 15(a)**

Federal Rule of Civil Procedure 15(a) governs motions for leave to amend filed before the motion filing deadline set in the operative scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 15 affords the Court broad leeway to grant plaintiffs leave to amend their pleadings before, during, or after trial. *See* Fed. R. Civ. P. 15(a)–(c).

Before trial, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("'[T]he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) … by freely granting leave to amend when justice so requires.'") (quoting *Howey v. United*

*States*, 481 F.2d 1187, 1190 (9th Cir. 1973)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires.") (internal quotation marks and citations omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal quotation omitted).

In the Ninth Circuit, "[t]he propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn*, 648 F.2d at 1254; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that, absent undue delay, bad faith or dilatory motive on the part of the movant, a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., leave to amend should be freely given).

**B.   Leave to Supplement—Federal Rule of Civil Procedure 15(d)**

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings. It provides, "the court may … permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. Rule Civ. P. 15(d) (emphasis added). "The court may permit supplementation even though the original pleading is defective in stating a claim or defense" and "may order that the opposing party plead to the supplemental pleading within a specified time." *Id.*

"A supplemental pleading is designed to bring the action up to date and to set forth new facts affecting the controversy that may have occurred since the original pleading was filed. This distinguishes it from an amended pleading, which relates to matters existing when the original pleading was filed." *Moore v. Lankford*, Case No.: 19CV2406-DMS (BLM), 2020 WL 3129563, at *1 (S.D. Cal. June 12, 2020) (internal quotation marks and citations omitted).

"A trial court has broad discretion in deciding whether to permit a supplemental pleading." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988)). "[A] court's focus is on judicial efficiency." *Id.* (citing *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir.1997)) (additional citations omitted). "[E]ven though supplemental pleadings are favored, they 'cannot be used to introduce a 'separate, distinct and new cause of action.''" *Id.* (quoting *Planned Parenthood*, 130 F.3d at 402).

### III.    DISCUSSION

"In light of Plaintiff's *pro se* status and the Court's duty to construe *pro se* pleadings liberally," the Court construes Plaintiff's various motions to "amend and support" as (1) a Motion to Amend his Complaint pursuant to Rule 15(a) and (2) a Motion to Supplement his Complaint pursuant to Rule 15(d). *Moore*, 2020 WL 3129563, at *1 (construing a *pro se* litigant's motion for leave to amend as a motion to supplement). Specifically, the Court construes Plaintiff's Motion to Amend as a request to file the Proposed FAC and Plaintiff's Motion to Supplement as a request to update his pleading with alleged instances of harassment, retaliation, and bullying occurring after the filing of Plaintiff's original Complaint on June 16, 2023, e.g., the instances of bullying described in Plaintiff's notes. *See id.* The Court addresses each motion in turn.

**A.    Plaintiff's Motion to Amend**

As set forth above, "[t]he propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn*, 648 F.2d at 1254. "The factors are not weighed equally." *Gilbert v. Doctor's Choice Modesto LLC*, Case No. 1:21-cv-00690-AWI-SAB, 2022 WL 65161, at *1 (E.D. Cal. Jan. 6, 2022). "'It is the consideration of prejudice to the opposing party that carries the greatest weight.'" *Id.* (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "The burden to demonstrate prejudice falls upon the party opposing the amendment." *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Here, Plaintiff's first motion to "amend and support" was filed before the motion filing cutoff identified in the operative scheduling order (Doc. 26) and before Defendant filed its Motion for Summary Judgment (Doc. 60). Therefore, the Court finds that Plaintiff has not acted with undue delay or in bad faith, and the first and second factors weigh in favor of granting Plaintiff leave to amend his Complaint.

Further, amendment would not be futile. Plaintiff's Proposed FAC appears to address this Court's MTD Order dismissing Plaintiff's FEHA claims pre-dating March 12, 2021 by alleging instances of retaliation and harassment occurring *after* Plaintiff reported the alleged harassment to the CRD. (Proposed FAC ¶ 24.) Thus, the third factor weighs in favor of granting Plaintiff leave to amend his Complaint.

Lastly, while the Court acknowledges that the filing of an amended complaint will prolong this litigation, including the resolution of Defendant's pending Motion for Summary Judgment (Doc. 60), Plaintiff filed his first motion to "amend and support" before the motion filing cutoff and before Defendant filed its Motion for Summary Judgment. Plaintiff also does not seek to alter his causes of action, minimizing the prejudice to Defendant. Further, Defendant, by not filing an opposition to Plaintiff's Motion to "Amend and Support," has not met its burden to establish prejudice as required. *See Gilbert*, 2022 WL 65161, at *2 ("Given Defendants have not submitted an opposition to the motion to amend, the Court finds that granting Plaintiff's motion to amend would not prejudice Defendants.").

Accordingly, Plaintiff's Motion to Amend his Complaint is **GRANTED**. Plaintiff may file the Proposed FAC (Doc. 59-1 at 2–16) in its current form on or before **June 16, 2025**. Additional filings not in compliance with this Order will be stricken from the docket.

**B.     Motion to Supplement**

The factors weighed to determine the propriety of a motion for leave to amend are the same as the factors weighed to determine the propriety of a motion for leave to supplement. *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman*, 371 U.S. at 182). "Courts also consider whether allowing leave to

1  supplement would align with the goal of Rule 15(d), which is to promote judicial
2  efficiency." *Id.* (citing *Planned Parenthood*, 130 F.3d at 402; *Keith*, 858 F.2d at 473).

3        As set forth above (*see* Section III.A), the first, second, and fourth factors—undue
4  delay, bad faith, and prejudice—weigh in favor of allowing Plaintiff to file a Supplemental
5  Complaint. Additionally, the filing of a supplemental complaint will promote judicial
6  efficiency by resolving all of Plaintiff's claims in one litigation. *See Lyon*, 308 F.R.D. at
7  215 ("The goal of Rule 15 is to promote judicial efficiency by avoiding 'the cost, delay and
8  waste of separate actions, which must be separately tried and prosecuted.'") (quoting *Keith*,
9  858 F.2d at 473).

10        However, having reviewed Plaintiff's personal notes filed in the docket as "exhibits"
11  (*see* Docs. 54, 55, 56), the Court is concerned that any Supplemental Complaint would be
12  futile. As Defendant notes in its Reply Brief in Support of its MSJ, "[n]one of the exhibits
13  cited by Plaintiff [appear to] demonstrate that he was either harassed because of his age or
14  retaliated against for engaging in protected activity." Nevertheless, in light of the liberal
15  standard governing supplemental pleadings, as well as Plaintiff's *pro se* status, the Court
16  will give Plaintiff **one** opportunity to file a Supplemental Complaint with allegations of
17  harassment, retaliation, and bullying that occurred after the filing of Plaintiff's original
18  Complaint on June 16, 2023. *See Lopez*, 203 F.3d at 1131.

19        Accordingly, Plaintiff's Motion to Supplement his Complaint is **GRANTED**.
20  Plaintiff may file **one** Supplemental Complaint on or before on or before **June 16, 2025**.
21  Plaintiff's Supplemental Complaint may include allegations of harassment, retaliation, and
22  bullying occurring after the filing of Plaintiff's original Complaint on June 16, 2023, e.g.,
23  the instances of bullying described in Plaintiff's notes. Additional filings not in compliance
24  with this Order will be stricken from the docket.

### IV. CONCLUSION

26        Based on the foregoing, Plaintiff's various motions to "amend and support" his
27  Complaint (*See* Docs. 52–57, 59), construed as both a Motion to Amend and a Motion to
28  Supplement Plaintiff's Complaint, are **GRANTED**. *See Lopez*, 203 F.3d at 1131 ("[T]he

rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.") (internal quotation omitted).

Plaintiff may file the Proposed FAC (Doc. 59-1 at 2–16) in its current form on or before **June 16, 2025**. Plaintiff may also file **one** Supplemental Complaint on or before **June 16, 2025**. The Supplemental Complaint may include allegations of harassment, retaliation, and bullying occurring after the filing of Plaintiff's original Complaint on June 16, 2023, e.g., the instances of bullying described in Plaintiff's notes. **Additional filings not in compliance with this Order will be stricken from the docket.** Defendant **SHALL** answer or otherwise respond to Plaintiff's FAC and Plaintiff's Supplemental Complaint on or before **June 30, 2025**.

Because Plaintiff's original Complaint will be superseded by Plaintiff's FAC, the Court **DENIES AS MOOT** and **WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment (Doc. 60). *See Jones v. Toft*, No. CIV S-11-0192 MCE, 2012 WL 156284, at *3 (E.D. Cal. Jan. 18, 2012) ("The court will … deny [the defendant's] motion to dismiss and … motion for summary judgment as moot, because the original complaint is now super[s]eded by the first amended complaint."). Likewise, the Court **DENIES AS MOOT** and **WITHOUT PREJUDICE** Plaintiff's "motions" filed in response to Defendant's MSJ. (*See* Docs. 61–68, 73.)

Lastly, the Court **VACATES** the pretrial conference currently scheduled for June 12, 2025 at 1:30 PM. (Doc. 26.) The Court **EXTENDS** the **motion filing cutoff** date to **August 25, 2025** by which Defendant may file a renewed MSJ. The Court also **SETS** a new final pretrial conference date for **October 20, 2025**. Should one or both parties desire to file updated trial-related documents before the final pretrial conference, they may file a motion with the Court.

Plaintiff is cautioned that all of his filings must comply with the Federal Rules of Civil Procedure, the Southern District of California's Local Rules, and this Court's Chambers Rules. Future non-compliant filings, including duplicative filings, will be stricken from the docket and may result in the loss of Plaintiff's e-filing privileges.

1 **IT IS SO ORDERED**.

2 DATE:  June 6, 2025

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE