# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DAVID COLLINS, an individual,

Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

Defendant.

Case No.:  3:23-cv-01368-RBM-DEB

**ORDER:**

**(1) DENYING PLAINTIFF'S MOTIONS TO ADMIT NEW CAUSES OF ACTION [Docs. 88, 89]**

**(2) DENYING DEFENDANT'S MOTION TO CONTINUE MOTION FILING CUTOFF DATE [Doc. 94]**

**(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RE-WORK PRE-TRIAL ORDER [Doc. 100]**

**(4) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S BRIEF RESPONSE [Doc. 105]**

## I.   INTRODUCTION

Pending before the Court are five motions concerning case management and the Parties' briefing on their motions for summary judgment: (1) Motion to Admit Cause of Action for Defamation, Slander, Libel, Defamation in the Workplace (Doc. 88); (2) Motion to Admit Cause of Action for False Imprisonment (Doc. 89); (3) Defendant Wal-Mart Inc.'s *Ex Parte* Motion to Continue the August 25, 2025 Motion Filing Cutoff Date (Doc. 94); (4) Motion to Re-Work Pre-Trial Order Jointly and with Court and Judicial

1

Intervention (Doc. 100); and (5) Defendant Wal-Mart Inc.'s *Ex Parte* Application to Strike Plaintiff's Brief Response to Defendant's Reply (Doc. 105).

The Court resolves these motions as set forth below.

## II.    <u>DISCUSSION</u>

**A.    Plaintiff's Motions to Admit New Causes of Action for Defamation, Slander, Libel, Defamation in the Workplace (Doc. 88), and False Imprisonment (Doc. 89)**

The Court previously ordered Plaintiff to file "the Proposed [First Amended Complaint] (Doc. 59-1 at 2–16) in its current form on or before **<u>June 16, 2025</u>**," and authorized Plaintiff to "file **<u>one</u>** Supplemental Complaint on or before **<u>June 16, 2025</u>**." (Doc. 84 at 11 (emphasis in original).)  Plaintiff timely filed his First Amended Complaint (Doc. 85) and a Supplemental Complaint (Doc. 86).  Two weeks later, Plaintiff filed two motions seeking to amend his complaint by adding new causes of action.  (Docs. 88, 89.) The first motion requests the Court "admit another Cause of Action . . . . Defamation of Character in the Workplace.  Defined as Defamation, Slander, and Liable [*sic*], CA Codes 44, 45, and 46."  (Doc. 88 at 1.)  The second motion requests the Court "admit another Cause of Action . . . . False Imprisonment."  (Doc. 89 at 1) (collectively with Doc. 88, the "Motions to Admit New Causes of Action").

Plaintiff argues that these new causes of action are "based on existing evidence" and "have happened over a long period of time." (Doc. 88 at 1–2; Doc. 89 at 2.)  The Motions to Admit New Causes of Action allege Plaintiff was subjected to defamatory speech at work that has "created a false caricature of the Plaintiff and damaged the Plaintif[f's] reputation" (Doc. 88 at 3–5) and kept him "in a remedial job without opportunity for advancement," thereby violating Plaintiff's personal liberty.  (Doc. 89 at 2.)

Defendant argues that the Motions to Admit New Causes of Action should be stricken because they violate the Court's June 6, 2025 Order (Doc. 84) or denied because the new causes of action fail as a matter of law.  (Doc. 91 at 6–18.)

3:23-cv-01368-RBM-DEB

The Court construes the Motions to Admit New Causes of Action as motions to amend under Federal Rule of Civil Procedure ("Rule") 15. As discussed below, because they are futile, would cause undue delay, and would prejudice Defendant, the Motions to Admit New Causes of Action (Docs. 88, 89) are **DENIED**.

### 1. Legal Standard

A party "seeking to amend [a] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' [is] shown, the party must [also] demonstrate that amendment [is] proper under Rule 15." *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (cleaned up).[1] Rule 15(a) governs motions for leave to amend and affords the Court discretion to grant Plaintiff leave to amend his pleading before, during, or after trial. *See* Fed. R. Civ. P. 15(a)–(c). The Court "should freely give leave [to amend] when justice so requires." *Id.* 15(a)(2). The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal citation omitted).

The Court considers five factors in ruling on a motion to amend: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Prejudice is the "touchstone of the inquiry" under Rule 15 and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (cleaned up). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

/ / /

/ / /

/ / /

---

[1] Because the Court finds that amendment is not proper under Rule 15, it does not separately address the "good cause" requirement under Rule 16.

3:23-cv-01368-RBM-DEB

## 2. Discussion

Nothing suggests Plaintiff brought the Motions to Admit New Causes of Action in bad faith. The Court weighs the remaining four factors below and finds they weigh against allowing Plaintiff another opportunity to amend.

### a. Undue Delay

"In assessing timeliness, [the Court does] not merely ask whether a motion was filed within the period of time allotted by the district court[]." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Rather, the Court "considers whether the movant knew of the proposed amended facts or theories before the motion for leave to amend." *Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683, 691 (N.D. Cal. 2009) (citing *AmerisourceBergen Corp.*, 465 F.3d at 953 (noting that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable"). Here, Plaintiff concedes that the new causes of action are "based on existing evidence" and "have happened over a long period of time." (Doc. 88 at 1–2; Doc. 89 at 2.) Indeed, Doc. 88, which contains the more detailed timeline of allegations, includes incidents alleged to have occurred between March 2021 and December 2024. (Doc. 88 at 3–5.) Thus, even the latest facts would have been known to Plaintiff nearly a year ago, with most of the facts known to him well before then. Because he already had all the relevant facts he intends to rely on to bring the new causes of action, Plaintiff should have sought to include these causes of action in his First Amended Complaint or Supplemental Complaint. This factor weighs against granting leave to amend.

### b. Prejudice

"Undue prejudice refers to substantial prejudice or substantial negative effect on the opposing party. Such prejudice may result from reopening discovery or conducting supplemental discovery, which may cause delays and require the other party to consider new legal theories in a short period of time." *Entangled Media, LLC v. Dropbox, Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (cleaned up).

3:23-cv-01368-RBM-DEB

Defendant argues it will be unduly prejudiced should the Court grant Plaintiff's "eleventh-hour attempt to assert entirely new causes of action this late in the litigation after an extensive discovery period" because "Plaintiff moved for summary judgment prior to filing" the Motions to Admit New Causes of Action. (Doc. 91 at 6.) As discussed above, the new causes of action are "based on existing evidence" (Doc. 88 at 2; Doc. 89 at 2), so it is unlikely Defendant will have to conduct additional discovery. But Defendant has already engaged in three rounds of Rule 12(b)(6) motion practice (*see* Docs. 3, 87, 91) and filed its motion for summary judgment. (Doc. 99.) Plaintiff has also filed his motion for summary judgment. (Doc. 90.) All these pleadings have been fully briefed, and none of them, including Plaintiff's motion for summary judgment, discuss the proposed new causes of action. (*See* Docs. 87, 90, 93, 96, 98, 99, 103, 104.) Therefore, the Court finds this factor weighs against granting leave to amend. *See Benanti v. Matevousian*, Case No. 1:17-cv-01556-LJO-SAB (PC), 2020 WL 58041, at *2 (E.D. Cal. Jan. 6, 2020) (finding that allowing the *pro se* plaintiff to file a third amended complaint would prejudice Defendants in part because "he has already filed a motion for summary judgment"); *cf. Haines v. City of Centralia*, Cause No. C20-5576RSL, 2020 WL 7385736, at *1 (W.D. Wash. Dec. 16, 2020) ("The fact that defendants chose to file a motion for summary judgment one month after removing the case to federal court and before a case management schedule was established" does not mean the plaintiff's request to amend will "prejudice defendants' ability to defend this litigation.").

### c. Futility of Defamation Claims

"The test for futility 'is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Fresno Unified Sch. Dist. v. K.U. ex. rel. A.D.U.*, 980 F. Supp. 2d 1160, 1179 (E.D. Cal. 2013) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F. 2d 209, 214 (9th Cir. 1998)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). A complaint must contain "a short and plain statement of the claim showing that the pleader

5

is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal citation omitted). Although a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

"Defamation constitutes an injury to reputation; the injury may occur by means of libel or slander." *Issa v. Applegate*, 31 Cal. App. 5th 689, 696 n.2 (2019) (citing Cal. Civ. Code § 44). Libel and slander "are the means by which defamation may be effected." *Polygram Records, Inc. v. Super. Ct.*, 170 Cal. App. 3d 543, 549 (1985). The Court therefore discusses Plaintiff's proposed new causes of action for "defamation, slander, libel, and defamation in the workplace" (Doc. 88 at 1) together as defamation.

"The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or cause special damage." *John Doe 2 v. Super. Ct.*, 1 Cal. App. 5th 1300, 1312 (2016) (internal citation omitted). "It is the province of the court to determine whether a statement is actionable as a statement of fact susceptible of a defamatory meaning, versus a nonactionable statement of opinion privileged under the First Amendment." *Id.* "Under the First Amendment there is no such thing as a false idea." *Id.* at 1313 (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339 (1974)). "Thus, to be actionable, an allegedly defamatory statement must make an assertion of fact that is provably false . . . in a court of law." *John Doe 2*, 1 Cal. App. 5th at 1313. "[R]hetorical hyperbole, vigorous epithets, lusty and imaginative expressions of contempt, and language used in a loose, figurative sense have all been accorded constitutional protection." *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401 (1999) (cleaned up).

3:23-cv-01368-RBM-DEB

The alleged statements Plaintiff identifies as evidence of defamation are protected opinions or not defamatory.  These are the statements Plaintiff alleges he either heard employees make, or "could prove through questioning of Witnesses" (Doc. 88 at 4):

> He's suing me. . . .  Watch out for the hat-trick. . . .  I don't care about that guy. . . .  Let's teach him a lesson. . . .  He should be more respectful. . . .  This is what happens when you sue Wal-Mart. . . .  I don't think Dave is simple. . . .  I'm glad you're not a manager. . . .  I heard you don't like Dave. . . .  You leave Dave alone. . . .  He's too old.  He's slow. . . .  He's lazy. . . . He's a loser. . . .  He's a monster. . . . He's always in trouble. . . .  He's not even a good person. . . .  Blueprint. . . .  Nasty. . . .  drunk, animal, crazy. . . .  Bad hombre.

(Doc. 88 at 3–5.)

These statements are not "provably false . . . in a court of law."  *John Doe 2*, 1 Cal. App. 5th at 513.  Statements like "[h]e should be more respectful," "I don't care about that guy," and "I'm glad you're not a manager" cannot reasonably be interpreted as stating provably false factual assertions about Plaintiff.  Even the more extreme statements—allegedly about Plaintiff being a loser, monster, or not even a good person—are at most "rhetorical hyperbole" or "vigorous epithets," which are not actionable under a defamation claim.  *Ferlauto*, 74 Cal. App. 4th at 1401; *accord Underwager v. Channel 9 Australia*, 69 F.3d 361, 367 (9th Cir. 1995) (holding that statement that the plaintiff was "intrinsically evil" was not an assertion capable of verification); *Arellano v. Concord CA Police Dep't*, Case No. 25-cv-03690-WHO, 2025 WL 2076638, at *3 (N.D. Cal. July 23, 2025) ("The officer may have been incredibly insensitive to [the plaintiff] or intentionally rude and condescending, but that intent does not make the statement defamatory."); *Reed v. Gallagher*, 248 Cal. App. 4th 841, 857 (2016) (Because "subjective judgments are incapable of being proved true or false . . . a subjective judgment of the person making the statement is not one that implies a provably false factual assertion.") (cleaned up).  Accordingly, the Court finds that "[l]eave to amend need not be given" because the "complaint, as amended, is subject to dismissal." *Moore,* 885 F.2d at 538.

3:23-cv-01368-RBM-DEB

### d. Futility of False Imprisonment Claim

"The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an applicable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000) (citation omitted). "False imprisonment requires direct restraint, via physical force, or 'any other form of unreasonable duress.'" *McKinney v. Apollo Grp., Inc.*, CASE NO. 07cv2373 WQH (CAB), 2010 WL 11442914, at *11 (S.D. Cal. Jan. 28, 2010) (quoting *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994)). "Where there is an employer-employee relationship between plaintiff and defendant, '[i]n order to plead false imprisonment in a civil action, a plaintiff/employee would have to allege rather specific, and fairly uncommon, acts of involuntary and criminal confinement.'" *McKinney*, 2010 WL 1442914, at *11 (quoting *Fermino*, 7 Cal. 4th at 722–23).

Plaintiff alleges Defendant violated his "personal liberty by keeping the Plaintiff in a remedial job without opportunity for advancement. The Plaintiff was made to work in the far back corner of the store that was frequently blocked by pallets." (Doc. 89 at 2.) Plaintiff identifies the following "[i]ncidents" of false imprisonment:

> Future Faking and others promoted leaving Plaintiff behind. . . . Plaintiff is made homeless and had to sell everything while others prosper. . . . Any reasonable person would have done something. . . . homeless living in truck. . . . [D]idn't see any sense or benefit of doing the same thing over and over expecting different results.

(Doc. 89 at 4 (citing Doc. 86).)

Plaintiff further provides "a **specific list of occurrences** with specific dates:"[2]

> Kim denies transfer requests. I wonder if this is to keep me hostage. . . . I feel used. . . . [F]eel like a prisoner. . . . I'm good enough to help but not good enough for opportunity. . . . I feel like

---

[2]  The Court does not include every allegation Plaintiff makes. The following is a representative sample of the allegations Plaintiff makes in support of his false imprisonment claim.

> a hostage. . . .   You have been assigned over there. . . .   Alone working in the corner, management watches me. . . .   Working in the back corner, hated. . . .   Confined to the far back corner. . . .   Note Imprisonment. . . .   Confinement, feel banished. . . .   Made me a prisoner. . . . I feel like a hostage. . . .   I feel like a caged animal[.]

(Doc. 89 at 4–6 (emphasis in original).)

These allegations do not give rise to a false imprisonment claim.  Plaintiff has not alleged any form of "unreasonable duress" nor any "acts of involuntary and criminal confinement." *Cf. Fermino*, 7 Cal. 4th at 706–07 (1994) (holding allegations in complaint were sufficient to state claim for false imprisonment where "manager summoned [the plaintiff] to a windowless room. . . physically compelled [her] to remain in the room for more than one hour," and denied the plaintiff's "repeated requests to leave the room and to call her mother").  Plaintiff feels personally trapped in terms of his employment conditions or prospects, but these feelings are not actionable.  Furthermore, to the extent Plaintiff alleges he has been falsely imprisoned because he feels "like a prisoner," "a hostage," or "a caged animal" (Doc. 5–6), those "legal conclusions are not accepted as true." *Iqbal*, 556 U.S. at 678.  Here, too, the Court finds that "[l]eave to amend need not be given" because the "complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538.

### e.  Previous Amendment

The Court's "discretion to deny amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) (citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).  As discussed *supra* II.A, the Court previously allowed Plaintiff to file his First Amended Complaint and a Supplemental Complaint. (Doc. 84 at 11.)  Thus, this factor weighs against granting leave to amend.

Because four of the five factors weigh against granting leave to amend, Plaintiff's Motions to Admit New Causes of Action (Docs. 88, 89) are **<u>DENIED</u>**.

/ / /

/ / /

9

3:23-cv-01368-RBM-DEB

**B.    Defendant's *Ex Parte* Motion to Continue Motion Filing Cutoff Date (Doc. 94)**

Defendant moves *ex parte* for "an order continuing the dispositive motion deadline" from August 25, 2025 "until this Court rules on [Defendant's] Motion to Dismiss." ("Motion Filing Cutoff Motion") (Doc. 94 at 2.)  Because the Parties have both already filed motions for summary judgment (*see* Docs. 90, 99), Defendant's *Ex Parte* Motion to Continue Motion Filing Cutoff Date (Doc. 94) is **DENIED AS MOOT**.

**C.    Plaintiff's Motion to Re-Work Pre-Trial Order (Doc. 100)**

Plaintiff requests the Court "allow the Plaintiff's Pre-Trial Order to be re-worked and re-submitted" because Plaintiff "is not necessarily in agreement with the document that has been submitted" and believes "the Defense is leaving out his work."  ("Motion to Rework Pretrial Order") (Doc. 100 at 1.)  Because the Court vacated the final pretrial conference and "will reset all necessary deadlines once it has ruled on the pending motions" (Doc. 106 at 1), Plaintiff's Motion to Re-Work Pre-Trial Order (Doc. 100) is **DENIED WITHOUT PREJUDICE**.

**D.    Defendant's *Ex Parte* Application to Strike Plaintiff's Brief Response (Doc. 105)**

Defendant moves *ex parte* "to strike Plaintiff's Brief Response to Defense 09/22/25 Pleading and Support to Opposition of MSJ" ("Plaintiff's Response") (Doc. 104).  (Doc. 105 ("*Ex Parte* Motion to Strike") at 2.)  Defendant notes Plaintiff's Response was filed after the parties fully briefed Defendant's Renewed Motion for Summary Judgment (*see* Docs. 98, 99) and thus constitutes an impermissible sur-reply.  (Doc. 105 at 2.)  Defendant argues that the Court should strike Plaintiff's Response because it does not comply with the undersigned's Chambers Rules, the Court's previous orders, or the Southern District of California's Civil Local Rules.  (Doc. 105-1 at 2–4.)

Sur-replies "may not be filed without leave of Court."  The Hon. Ruth Bermudez Montenegro Civ. Chambers R. III.D.  Plaintiff has not opposed the *Ex Parte* Motion to Strike.  *See id.* R. VI ("*Ex parte* applications that are not opposed within **three (3) Court days** may be considered unopposed and granted on that ground.")  The Court also warned Plaintiff that "[f]uture non-compliant filings, including duplicative filings, will be stricken

10

3:23-cv-01368-RBM-DEB

from the docket." (Doc. 84 at 11.) However, the Court is "mindful of Supreme Court precedent that instructs federal courts liberally to construe the 'inartful pleading' of *pro se* litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Plaintiff filed his first opposition (Doc. 98) to Defendant's motion for summary judgment (Doc. 99) before Defendant even filed its motion for summary judgment. In Plaintiff's Response, Plaintiff indicates:

> The Motion cut-off was moved to be August 25, 2025. On the afternoon of that day the Plaintiff had to file the opposition to MSJ as it was simply getting late and the Defense did not file until just before the deadline. The Plaintiff apologizes for any pre-mature filing.

(Doc. 104 at 1.)

It appears Plaintiff incorrectly believed that the August 25, 2025 motion filing deadline was also the deadline for him to oppose Defendant's motion for summary judgment. Thus, although Plaintiff's Response is technically a sur-reply, it may be Plaintiff's only filing that responds to the specific arguments raised in Defendant's motion for summary judgment, rather than merely "giv[ing] a solid general outline of the Causes of Action." (Doc. 98 at 2.)

Therefore, although Plaintiff did not oppose Defendant's *Ex Parte* Motion to Strike or seek leave to file his sur-reply, the Court does not find that "striking [Plaintiff's Response] is appropriate here, considering [P]laintiff's *pro se* status" and his mistaken belief that he was required to oppose Defendant's motion for summary judgment by August 25, 2025. *Johnson v. Beard*, No. 2:15-cv-1313 TLN KJN P, 2022 WL 17252451, at *7 (E.D. Cal. Nov. 28, 2022) (citing *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013)); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) ("[D]istrict courts have the discretion to either permit or preclude a surreply."). Accordingly, the Court **DENIES** Defendant's *Ex Parte* Motion and will consider Plaintiff's Brief Response.

3:23-cv-01368-RBM-DEB

### III.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motions to Admit New Causes of Action (Docs. 88, 89) are **DENIED**.

2. Defendant's Motion Filing Cutoff Motion (Doc. 94) is **DENIED AS MOOT**.

3. Plaintiff's Motion to Rework Pretrial Order (Doc. 100) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may file a renewed motion, if necessary, after the Court rules on the pending motion to dismiss (Doc. 87) and motions for summary judgment (Docs. 90, 99).

4. Defendant's *Ex Parte* Motion to Strike (Doc. 105) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:23-cv-01368-RBM-DEB